Orlando F. Cabanday (SBN 168131)
  EM: orlando@cabandaylawgroup.com
**CABANDAY LAW GROUP**
21151 S. Western Avenue, Suite 217
Torrance, CA 90501
T:          (310) 997-2558
F:          (310) 984-1735

Attorneys for Defendants
**SHIRLEY LAI aka ABBESS CHAN MIN**
**Erroneously sued as WAN YUEN BUDDHIST**
**CENTER and HONG SHIN BUDDIST CENTER**

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA – EASTERN DIVISION

| | |
|---|---|
| DOE 1 AND DOE 2,<br><br>            Plaintiffs,<br><br>      v.<br><br>SHIRLEY LAI, AKA ABBESS CHAN MIN; JANE ROE AN INDIVIDUAL, WAN YUEN BUDDHIST CENTER; HONG SHIN BUDDHIST CENTER,<br><br>            Defendants. | **Case No.:  5:25-cv-03485-JGB-DTB (Honorable Jesus G. Bernal)**<br><br>**NOTICE OF MOTION AND MOTION TO DISMISS; AND MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>**Time:          9:00 a.m.**<br>**Date:          February 9, 2026**<br>**Crt. Rm:      1** |

i
**NOTICE OF MOTION**

## NOTICE OF MOTION

**TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA, THE HONORABLE JESUS G. BERNAL,PLAINTIFFS AND THEIR COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE** that on February 9, 2026 at 9:00 a.m. , or as soon thereafter as the matter may be heard, before the Honorable Jesus G. Bernal, United States District Judge, in Courtroom 1 of the United States District Court for the Central District of California, Eastern Division, located at 3470 Twelfth Street, Riverside, California 92501, Defendant Shirley Lai, a.k.a. Abbess Chan Min, erroneously sued as Wan Yuen Buddhist Center and Hong Shin Buddhist Center ("Defendant"), will and hereby does move for an order dismissing the Complaint in its entirety (all claims) pursuant to Federal Rule of Civil Procedure 12(b)(6). Alternatively, because Plaintiffs allege all of their claims are actions taken as part of their monastic vows, the Court should abstain from the case under the ecclesiastical abstention pursuant to Federal Rule of Civil Procedure 12(b)(1).

This Motion is made on the ground that the Complaint fails to state a claim upon which relief can be granted and must be dismissed as a matter of law.

**Local Rule 7-3 Compliance.** Defendant has complied with the meet-and confer requirements of Local Rule 7-3. Defendant's counsel conferred with Plaintiffs' counsel by telephone on January 2, 2026, and further articulated the grounds for this Motion in written correspondence dated December 22, 2025. Plaintiffs declined to dismiss or amend the Complaint, necessitating this Motion.

///

///

///

///

**NOTICE OF MOTION**

This Motion is based upon this Notice of Motion and Motion, the accompanying Memorandum of Points and Authorities,   and requests for judicial notice filed herewith, the pleadings and records on file in this   action, and such other matters as may be presented to or considered by the Court.

Dated: January 12, 2026                                  **CABANDAY LAW GROUP**


By**:**          **//OFC//**
ORLANDO F. CABANDAY
Attorneys for Defendant
**SHIRLEY LAI aka ABBESS CHAN MIN Erroneously sued as WAN YUEN BUDDHIST CENTER and HONG SHIN BUDDIST CENTER**

iii
**NOTICE OF MOTION**

## I.       INTRODUCTION

Plaintiffs assert ten causes of action: one claim under California Civil Code § 52.5 for human trafficking, four wage-and-hour claims under the California Labor Code, and five claims under the Trafficking Victims Protection Act ("TVPA"). Each claim fails as a matter of law because the Complaint itself pleads facts that negate essential elements of every cause of action.

Plaintiffs do not plausibly allege an employment relationship, compensable work, timely wage claims, coercion, involuntary labor, or individual employer liability as to Defendant Abbess Chan Min. Instead, Plaintiffs' own allegations establish that all conduct underlying their claims arose from their voluntary participation in Buddhist monastic life, not from any employer–employee relationship.

Plaintiffs allege that they chose to become Mahāyāna Buddhist nuns, traveled to the United States to learn and practice Buddhism, and resided at nonprofit Buddhist temples as part of their religious training and monastic vocation. (Compl. ¶¶ 9–11.) Consistent with those commitments, Plaintiffs allege that they took vows of poverty, did not accept positions at Wan Yuen Buddhist Center or Hong Shin Buddhist Center (collectively, the "Temples") as employment, and did not work for wages. (Compl. ¶¶ 19–25, 38–39.) Rather, Plaintiffs allege that they devoted their time to religious study, communal monastic living, and temple service undertaken as spiritual devotion. (Compl. ¶¶ 19–25, 31–36, 37–40.)

Notwithstanding these admissions, Plaintiffs attempt to recharacterize their voluntary religious vocation as unlawful "employment" and "human trafficking," seeking civil damages for the very monastic life that formed the basis for their residence at the Temples and their presence in the United States. The Complaint does not allege that Abbess Chan Min paid wages, controlled compensation, exercised employer authority, or obtained labor through coercion or involuntary

1

**MOTION TO DISMISS**

servitude. Nor does it allege facts supporting tolling of facially untimely wage claims.

Finally, adjudicating Plaintiffs' claims would require the Court to determine whether religious vows, monastic discipline, and devotional service—undertaken voluntarily and central to Plaintiffs' faith—constitute compensable labor or coercive conduct. The First Amendment forbids such inquiry into religious doctrine and internal religious governance. *Serbian E. Orthodox Diocese v. Milivojevich*, 426 U.S. 696, 709–10 (1976); *Elvig v. Calvin Presbyterian Church*, 375 F.3d 951, 955 (9th Cir. 2004). Because the defects in the Complaint are legal and incurable, dismissal under Rules 12(b)(1) and 12(b)(6) is warranted.

Accordingly, Defendant Abbess Chan Min respectfully requests that the Court grant the Motion and dismiss the Complaint without leave to amend.

## II.   LEGAL STANDARD

A motion to dismiss under Fed. R. Civ. P. 12(b)(6) tests the legal sufficiency of the complaint. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). To survive dismissal, a plaintiff must plead sufficient factual matter to state a claim that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Courts need not accept legal conclusions or conclusory allegations that are contradicted by the complaint's own factual allegations. *Id.* at 678–79. Where a plaintiff pleads facts that affirmatively negate an essential element of a claim, dismissal under Rule 12(b)(6) is appropriate. *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001). Dismissal is likewise warranted where claims are time-barred on the face of the complaint and no facts supporting tolling are pleaded. *Von Saher v. Norton Simon Museum of Art*, 592 F.3d 954, 969 (9th Cir. 2010).

In resolving a Rule 12(b)(6) motion, the Court may consider the complaint and matters properly subject to judicial notice without converting the motion into one for summary judgment. *United States v. Ritchie*, 342 F.3d 903, 908–09 (9th Cir.

**MOTION TO DISMISS**

2003); Fed. R. Evid. 201. Judicially noticeable materials include public records, government documents, and administrative filings whose accuracy cannot reasonably be questioned. *Ritchie*, 342 F.3d at 908–09.

Accordingly, the Court may take judicial notice of immigration records and R-1 visa materials referenced in or integral to the Complaint, which reflect Plaintiffs' representations that they entered and remained in the United States as religious workers engaged in monastic life, not as employees performing secular work for wages. (RJN Ex. 1.) The Court may also take judicial notice of Plaintiffs' prior DLSE complaints and administrative filings, in which Plaintiffs identified only one Temple as their employer and did not name Abbess Chan Min. (RJN Ex. 2.) Admissions contained in such judicially noticed records may be considered in evaluating plausibility, and where they contradict conclusory allegations in the Complaint, the Court need not accept the latter as true. *Ritchie*, 342 F.3d at 908–09; *Sprewell*, 266 F.3d at 988.

Dismissal under Fed. R. Civ. P. 12(b)(1) is required where adjudication would necessitate inquiry into religious doctrine, religious vows, or internal religious governance. *Serbian E. Orthodox Diocese v. Milivojevich*, 426 U.S. 696, 709–10 (1976). Where claims arise from conduct undertaken as part of religious vocation or monastic life and cannot be resolved through neutral principles of law, the First Amendment requires abstention.

## III. PLAINTIFFS' CALIFORNIA WAGE AND HOUR CLAIMS FAIL
### A. Plaintiffs' Labor Claims Are Time Barred And Not Subject To Tolling[1]

Plaintiffs' wage-and-hour claims under the California Labor Code are time-barred. Claims for unpaid minimum wages and overtime under Labor Code sections 1194 and 1197 are governed by a three-year statute of limitations. Cal. Civ. Proc. Code § 338(a); *Murphy v. Kenneth Cole Prods., Inc.*, 40 Cal. 4th 1094, 1101 (2007).

---

[1] Plaintiffs have not alleged wage and hour claims under Federal Law, the Fair Labor Standards Act.

3

**MOTION TO DISMISS**

Claims for waiting-time penalties under Labor Code section 203 are likewise subject to a three-year limitations period. *Id.* Claims for wage-statement penalties under Labor Code section 226 are subject to a one-year statute of limitations. *Pineda v. Bank of Am., N.A.*, 50 Cal. 4th 1389, 1394–95 (2010).

Plaintiffs allege that their association with the Temples ended no later than 2021. (Compl. ¶¶ 45, 94–97.) This action was filed in 2025—well outside every applicable limitations period. The untimeliness of the Labor Code claims is therefore apparent on the face of the Complaint.

Plaintiffs may attempt to rely on equitable tolling based on prior California Labor Commissioner Division Labor Standards of  Enforcement ("DLSE") proceedings referenced in the Complaint. (Compl. ¶¶ 104–107.) That attempt would fail.

Equitable tolling must be affirmatively pleaded in the complaint; where it is not alleged, the doctrine does not apply. *Supermail Cargo, Inc. v. United States*, 68 F.3d 1204, 1206–07 (9th Cir. 1995); *Von Saher v. Norton Simon Museum of Art*, 592 F.3d 954, 969 (9th Cir. 2010). Plaintiffs do not plead facts establishing the elements of equitable tolling—timely notice, lack of prejudice, and reasonable and good-faith conduct. *McDonald v. Antelope Valley Cmty. Coll. Dist.*, 45 Cal. 4th 88, 102 (2008).

Even if equitable tolling had been pleaded, it would apply only to the defendant identified in the administrative proceeding. Tolling does not extend to defendants who were not named in, or given notice of, the administrative claim. *Johnson v. City of Loma Linda*, 24 Cal. 4th 61, 77 (2000). Plaintiffs' DLSE filings identify only Hong Shin as their employer and do not name Abbess Chan Min or Wan Yuen. (Compl. ¶¶ 104–107; Request for Judicial Notice, Ex. 2.) Accordingly, equitable tolling cannot apply to Abbess Chan Min or Wan Yuen Buddhist Center as a matter of law.

Where, as here, the Complaint pleads facts establishing untimeliness and fails

4

**MOTION TO DISMISS**

to allege a viable basis for tolling, dismissal under Rule 12(b)(6) is required. *Von Saher*, 592 F.3d at 969.

### B. Plaintiffs Fail to Plead an Employer Relationship or Liability as to Abbess Chan Min

Plaintiffs' Labor Code claims fail because the Complaint does not plausibly allege that any Defendant—let alone Abbess Chan Min—was Plaintiffs' employer. To state a wage-and-hour claim, Plaintiffs must plead facts showing that each defendant exercised control over wages, hours, or working conditions. Conclusory allegations referring collectively to "Defendants," without defendant-specific factual allegations establishing employer control, are insufficient under Fed. R. Civ. P. 8(a). *Jones v. Royal Admin. Servs., Inc.*, 887 F.3d 443, 450–51 (9th Cir. 2018); *Perez v. Wells Fargo & Co.*, 75 Cal. App. 5th 640, 653 (2022).

Here, the Complaint does not identify which Defendant employed Plaintiffs for purposes of any Labor Code claim, nor does it allege which Defendant paid wages, set compensation, or exercised control over wage practices. Where a complaint fails to allege which defendant employed the plaintiff or controlled compensation, dismissal under Rule 12(b)(6) is required. *Kurtz v. Kimberly-Clark Corp.*, 321 F.R.D. 482, 541 (E.D. Cal. 2017).

Plaintiffs' own admissions further confirm that Abbess Chan Min was not their employer. In prior DLSE proceedings, Plaintiffs expressly alleged that Hong Shin Buddhist Center—and not Abbess Chan Min—was their employer. (Compl. ¶¶ 104–107; Request for Judicial Notice, Ex. 2.) Plaintiffs did not name Abbess Chan Min as an employer in those administrative filings. Plaintiffs are bound by those representations and may not now advance an inconsistent position in this action. *Hamilton v. State Farm Fire & Cas. Co.*, 270 F.3d 778, 782–83 (9th Cir. 2001); *Cleveland v. Policy Mgmt. Sys. Corp.*, 526 U.S. 795, 806–07 (1999).

Even aside from those admissions, the Complaint independently fails to plead individual employer liability. To impose Labor Code liability on an individual,

5

**MOTION TO DISMISS**

Plaintiffs must allege facts showing that the individual exercised control over wages, hours, or payment of compensation. *Martinez v. Combs*, 49 Cal. 4th 35, 59 (2010). The Complaint alleges only Abbess Chan Min's religious role and spiritual authority. (Compl. ¶¶ 9–13.) It does not allege that she paid wages, maintained payroll, set compensation, or controlled wage practices. Absent such allegations, Plaintiffs fail to state a Labor Code claim against Abbess Chan Min as a matter of law.

### C.  Plaintiffs' Minimum Wage Claim Fails

To state a California minimum wage claim in federal court, a plaintiff must allege facts permitting a reasonable inference that, in at least one workweek, the plaintiff worked a defined number of hours and was paid less than the applicable minimum wage. *Landers v. Quality Commc'ns, Inc.*, 771 F.3d 638, 645–46 (9th Cir. 2014) (affirming dismissal under Rule 12(b)(6)). This pleading standard applies equally to California wage-and-hour claims litigated in federal court. *McKeen-Chaplin v. Provident Sav. Bank*, 862 F.3d 847, 853 (9th Cir. 2017); *Solis v. Zenith Capital, LLC*, 2021 WL 1785032, at *4 (N.D. Cal. May 5, 2021).

The Complaint contains none of these required allegations. Plaintiffs do not allege any specific workweek, hours worked, or minimum-wage shortfall. Instead, they affirmatively allege that they took vows of poverty, did not work for wages, and devoted their time to religious practice and communal service as part of their voluntary monastic life. (Compl. ¶¶ 19–25, 31–36.) Because the Complaint pleads neither compensable work nor a minimum-wage violation in any workweek, Plaintiffs fail to state a California minimum-wage claim as a matter of law.

### D. The First Amendment Bars Plaintiffs' Labor Code Claims

#### (1)  Ministerial Exception

The ministerial exception bars employment-related claims brought by individuals who perform religious functions for a religious organization. *Hosanna-*

6

**MOTION TO DISMISS**

*Tabor Evangelical Lutheran Church & Sch. v. EEOC*, 565 U.S. 171, 188–89 (2012); *Our Lady of Guadalupe Sch. v. Morrissey-Berru*, 591 U.S. 732, 747 (2020). The exception applies based on the functions performed, not formal titles, and prohibits courts from regulating the terms, conditions, or compensation of religious service. Where plaintiffs perform core religious duties as part of a religious vocation, civil courts may not adjudicate claims that would interfere with the religious institution's relationship with its ministers.

### (2)   Ecclesiastical Abstention

Separately, the First Amendment requires civil courts to abstain from adjudicating claims that would require inquiry into religious doctrine, religious vows, or the internal governance of a religious organization. *Serbian E. Orthodox Diocese v. Milivojevich*, 426 U.S. 696, 709–10 (1976); *Elvig v. Calvin Presbyterian Church*, 375 F.3d 951, 955 (9th Cir. 2004). Where resolution of a claim would require evaluating the meaning, obligations, or consequences of religious commitments or disciplinary practices, abstention is mandatory and dismissal under Rule 12(b)(1) is required.

### (3)   Application to Plaintiffs' Allegations

Plaintiffs' own allegations trigger both doctrines. Plaintiffs allege that they are Buddhist nuns who voluntarily undertook monastic vows, resided at nonprofit Buddhist temples as part of their religious training, and devoted their daily lives to religious practice, communal monastic living, and temple service undertaken as spiritual devotion. (Compl. ¶¶ 9–11, 19–25, 31–36, 37–40.) They further allege that their conduct was governed by monastic rules, religious discipline, and spiritual obligations arising from those vows. (Id.) Plaintiffs' Labor Code claims seek to recharacterize those religious vows and devotional practices as compensable employment and to subject the terms of monastic life to secular labor standards. Adjudicating those claims would require the Court to assess the nature of Plaintiffs'

**MOTION TO DISMISS**

religious duties, the meaning of their vows, and the internal governance of the Temples—precisely the inquiries the First Amendment forbids. Abstention applies here to Plaintiffs' employment-based claims, which require inquiry into religious vows and governance

Accordingly, Plaintiffs' Labor Code claims are barred as a matter of law.

## IV.    PLAINTIFFS' TVPA AND CIVIL CODE § 52.5 CLAIMS FAIL

To state a claim under the TVPA, 18 U.S.C. §§ 1589–1595, or California Civil Code § 52.5, a plaintiff must allege facts showing that a defendant obtained labor or services through force, threats, abuse of legal process, or other coercion sufficient to deprive the plaintiff of a realistic ability to leave. *United States v. Dann*, 652 F.3d 1160, 1169 (9th Cir. 2011); *People v. Zayas*, 238 Cal. App. 4th 432, 444 (2015). Allegations of demanding conditions, long hours, religious pressure, or lack of compensation—without allegations of coercion eliminating the ability to leave— are insufficient as a matter of law. *Headley v. Church of Scientology Int'l*, 687 F.3d 1173, 1180–81 (9th Cir. 2012).

The Ninth Circuit's decision in *Headley* establishes the governing pleading standard. There, former members of a religious order alleged extreme working conditions, including long hours, little or no pay, harsh discipline, austere living conditions, inadequate food, and intense religious and social pressure to remain. *Id.* at 1177–78. Despite those allegations—which were more severe than those pleaded here—the Ninth Circuit held that the plaintiffs failed to state a TVPA claim because they did not allege physical restraint, unlawful threats, or coercion depriving them of the ability to leave. *Id.* at 1180–81. The court emphasized:

> "The fact that the plaintiffs may have been motivated by religious beliefs or subjected to disciplinary practices does not convert their service into involuntary servitude."

*Headley*, 687 F.3d at 1181.

Plaintiffs' allegations fail under that standard. Plaintiffs allege that they

8

**MOTION TO DISMISS**

voluntarily chose to become Buddhist monastics, took vows of poverty, and devoted their time to meditation, chanting, study, ceremonies, and temple service as part of their spiritual commitments and communal monastic life. (Compl. ¶¶ 19–25, 31–36, 37–40.) All of the conduct on which their claims are based is alleged to have occurred as part of those religious practices. As in *Headley*, Plaintiffs allege demanding conditions and minimal or no compensation, but they do not allege facts showing coercion sufficient to state a TVPA claim.

Critically, Plaintiffs do not allege that any Defendant physically restrained them, threatened unlawful harm, or compelled continued service through force or threats. They do not allege that they attempted to leave and were prevented from doing so, that their movement was restricted, or that Defendants used legal process in response to an attempt to depart. At most, Plaintiffs allege dissatisfaction with conditions they voluntarily accepted as part of monastic life—allegations the Ninth Circuit has held insufficient as a matter of law. *Headley*, 687 F.3d at 1180–81.

Because Plaintiffs fail to plead the coercion required by the TVPA, their California Civil Code § 52.5 claim necessarily fails as well. Section 52.5 is coextensive with the TVPA and requires the same showing of coercion or involuntary labor. *Zayas*, 238 Cal. App. 4th at 444; *Rosas v. Sarbanand Farms, LLC*, 329 F. Supp. 3d 1137, 1148–49 (E.D. Cal. 2018); *Doe v. Fitzgerald*, 90 F. Supp. 3d 1094, 1106 (D. Or. 2015).

## A. Immigration Reporting Does Not Constitute Abuse of Legal Process

Plaintiffs allege that Defendants retained immigration-related documents associated with Plaintiffs' religious-worker status and later informed U.S. immigration authorities that Plaintiffs were no longer residing at or affiliated with the Temples. (Compl. ¶¶ 37–39, 41–47.) Even accepting those allegations as true, lawful and truthful immigration reporting does not constitute abuse of legal process under the TVPA. *Dann*, 652 F.3d at 1171–72.

9

**MOTION TO DISMISS**

The Complaint does not allege that Defendants made false statements, initiated sham proceedings, or used immigration law to restrain Plaintiffs, prevent them from leaving, or compel continued labor. Absent such allegations, Plaintiffs fail to plead abuse of legal process as required to state a TVPA claim. *Id.*

## V.    CONCLUSION

For these reasons, Defendants respectfully request that the Court grant the Motion to Dismiss and dismiss the Complaint in its entirety.

Dated: January 12, 2026                    **CABANDAY LAW GROUP**


By**:**          **//OFC//**
ORLANDO F. CABANDAY
Attorneys for Defendant
**SHIRLEY LAI aka ABBESS CHAN MIN Erroneously sued as WAN YUEN BUDDHIST CENTER and HONG SHIN BUDDHIST CENTER**

10
**MOTION TO DISMISS**