Orlando F. Cabanday (SBN 168131)
  EM: orlando@cabandaylawgroup.com
**CABANDAY LAW GROUP**
21151 S. Western Avenue, Suite 217
Torrance, CA 90501
T:          (310) 997-2558
F:          (310) 984-1735

Attorneys for Defendants
**SHIRLEY LAI aka ABBESS CHAN MIN**
**Erroneously sued as WAN YUEN BUDDHIST**
**CENTER and HONG SHIN BUDDIST CENTER**

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA – EASTERN DIVISION

| | |
|---|---|
| **DOE 1 AND DOE 2,**<br><br>                   Plaintiffs,<br><br>           v.<br><br>**SHIRLEY LAI, AKA ABESS CHAN MIN; JANE ROE AN INDIVIDUAL, WAN YUEN BUDDHIST CENTER; HONG SHIN BUDDHIST CENTER,**<br><br>Defendants. | **Case No.:  5:25-cv-03485-JGB-DTB (Honorable Jesus G. Bernal)**<br><br>**RESPONSE OF ORLANDO F. CABANDAY TO THE COURT'S ORDER TO SHOW CAUSE RE CITED CASES *HEADLEY* AND *DANN*; AND DECLARATION OF ORLANDO F. CABANDAY** |

1

**ORLANDO F. CABANDAY'S RESPONSE TO ORDER TO SHOW CAUSE**

## I.       ORLANDO F. CABANDAY'S EXPLANATION REGARDING THE CITATIONS TO *HEADLEY* AND *DANN*

The Court ordered counsel to explain how the quotations and citations to *Headley v. Church of Scientology Int'l*, 687 F.3d 1173 (9th Cir. 2012), and *United States v. Dann*, 652 F.3d 1160 (9th Cir. 2011), were included in the Motion, and to explain why sanctions should not be imposed pursuant to Rule 11(b), 28 U.S.C. § 1927, or the Court's inherent authority.

Counsel respectfully provides the following explanation.

### A.       Headley v. Church of Scientology Int'l

*Headley* is a published Ninth Circuit decision. Counsel located and reviewed the opinion through Westlaw during preparation of the Motion and relied upon the opinion itself.

The Motion cited *Headley* for the proposition that, to establish forced labor under the TVPA, a plaintiff must present evidence of "serious harm" or abuse of legal process sufficient to compel a reasonable person in the plaintiff's position to continue providing labor. (687 F.3d at 1179–1180.) The opinion further explains that religious motivation or internal disciplinary practices, without qualifying coercion, do not constitute involuntary servitude. (Id. at 1180.)

The Motion included a composite sentence placed in quotation marks and attributed to the Ninth Circuit.  That sentence does not appear verbatim in the opinion. Counsel had intended the reference as a summary of the court's reasoning at pages 1179–1180. It should have been presented as a paraphrase rather than as a direct quotation. Counsel made a mistake.  In addition, the pinpoint citation should have referenced page 1180 rather than page 1181.

The error occurred because counsel drafted the sentence as a synthesis of the court's reasoning and failed to remove quotation marks during final review. That was a lapse. It was not an attempt to attribute nonexistent language to the Ninth

**ORLANDO F. CABANDAY'S RESPONSE TO ORDER TO SHOW CAUSE**

Circuit.

The legal proposition itself accurately reflects *Headley's* holding. The mistake was in quotation formatting and pinpoint citation.

### B.     United States v. Dann

*United States v. Dann*, 652 F.3d 1160 (9th Cir. 2011), is also a published Ninth Circuit decision that counsel located and reviewed through Westlaw prior to filing the Motion.

The Motion cited *Dann* in connection with the statutory definition of "abuse of legal process" under 18 U.S.C. § 1589. At pages 1171–72, the opinion discusses that "abuse of legal process" involves the use or threatened use of legal process for a purpose for which it was not designed.

The Motion stated that "lawful and truthful immigration reporting does not constitute abuse of legal process under the TVPA." That phrasing does not appear in *Dann*. Counsel had intended to paraphrase of the statutory discussion, but he overstated the holding by presenting the concept as a categorical rule.

The error arose from counsel's characterization of the statutory discussion, not from reliance on a nonexistent case or fabricated authority. The opinion itself was reviewed. The misstatement was an imprecise articulation of its scope.

## II.     WHY SANCTIONS ARE NOT WARRANTED

Rule 11 requires that an attorney conduct a reasonable inquiry into the legal basis of a filing and that legal contentions be warranted by existing law or a nonfrivolous argument for its extension.

Counsel personally drafted the Motion and Reply; he located the referenced cases (23 cited in the Motion) through research conducted on Westlaw (which he has been using for decades.). Counsel conducted a pre-filing review of the cited authorities through Westlaw, personally read the opinions of *Headley* and *Dann*, and cited them in connection with their discussion of statutory standards. The cases were

**ORLANDO F. CABANDAY'S RESPONSE TO ORDER TO SHOW CAUSE**

reviewed, and were cited for legal principles grounded in the opinions.

The errors at issue concern quotation formatting and overstatement of language—not fabrication of authority, citation of nonexistent cases, or assertion of legal principles without foundation. The legal arguments advanced in the Motion were based on existing case law. The errors were negligent lapses in precision, not the product of bad faith or lack of reasonable inquiry.

Counsel did not incorrectly cite to the cases to multiply proceedings, to obtain an unfair tactical advantage, and were not made in bad faith. They were isolated drafting errors. There was no intent to mislead the Court. Counsel reviewed the opinions, relied upon actual published authority, and did not cite nonexistent cases or fabricate holdings. The mistakes were the result of imprecise drafting and insufficient proofreading, not willful misrepresentation.

Counsel has practiced law for more than thirty years and understands the obligation of candor to the Court. The Motion cited 23 published decisions; and the vast majority were accurately quoted and attributed.

Counsel personally drafted and reviewed the Motion and Reply and was solely responsible for the legal arguments and authorities cited. After drafting, counsel reviewed the brief and validated the authorities. The brief was also separately cite-checked. Despite that process, the quotation formatting in *Headley* and the characterization of *Dann* were not corrected before filing.

///

///

///

///

///

///

///

4

**ORLANDO F. CABANDAY'S RESPONSE TO ORDER TO SHOW CAUSE**

Counsel acknowledges that greater care should have been exercised. The errors were not intentional and were not made for an improper purpose. Counsel accepts full responsibility, respectfully apologizes to the Court, and has implemented stricter verification procedures for future filings.

Dated: February 19, 2026                    **CABANDAY LAW GROUP**


By**:**           **//OFC//**          
ORLANDO F. CABANDAY
Attorneys for Defendant
**SHIRLEY LAI aka ABBESS CHAN MIN Erroneously sued as WAN YUEN BUDDHIST CENTER and HONG SHIN BUDDIST CENTER**

**ORLANDO F. CABANDAY'S RESPONSE TO ORDER TO SHOW CAUSE**

## DECLARATION OF ORLANDO F. CABANDAY

I, **ORLANDO F. CABANDAY**, declare as follows:

1.      I am an attorney duly licensed to practice law in the State of California and am counsel of record for Defendant in this action. I submit this declaration in response to the Court's Order to Show Cause regarding the citations to *Headley v. Church of Scientology Int'l*, 687 F.3d 1173 (9th Cir. 2012), and *United States v. Dann*, 652 F.3d 1160 (9th Cir. 2011), in the Motion to Dismiss.

2.      I have practiced complex civil litigation and trial for more than thirty years before this Court and other courts within California and other jurisdictions. I personally draft all substantive memoranda filed in my cases, including the Motion and Reply at issue. Prior to the Court's Order, I have not been the subject of an order to show cause or sanctions relating to improper citation of legal authority.

3.      *Headley* is a published Ninth Circuit decision. I located and reviewed the opinion through Westlaw during preparation of the Motion and relied upon the opinion itself.

4.      The Motion cited *Headley* for the proposition that, to establish forced labor under the TVPA, a plaintiff must present evidence of "serious harm" or abuse of legal process sufficient to compel a reasonable person in the plaintiff's position to continue providing labor. (687 F.3d at 1179–1180.) The opinion further explains that religious motivation or internal disciplinary practices, without qualifying coercion, do not constitute involuntary servitude. (Id. at 1180.)

5.      The Motion included a composite sentence placed in quotation marks and attributed to the Ninth Circuit. That sentence does not appear verbatim in the opinion. I intended it as a summary of the court's reasoning at pages 1179–1180. It should have been presented as a paraphrase rather than as a direct quotation. In addition, the pinpoint citation should have referenced page 1180 rather than page 1181.

6

**ORLANDO F. CABANDAY'S RESPONSE TO ORDER TO SHOW CAUSE**

6. The legal principle cited from *Headley* accurately reflects the court's holding. My error was in quotation formatting and pinpoint citation. I acknowledge that mistake and accept full responsibility for it.

7. *United States v. Dann*, 652 F.3d 1160 (9th Cir. 2011), is also a published Ninth Circuit decision that I located and reviewed through Westlaw prior to filing the Motion.

8. I cited *Dann* in connection with the statutory definition of "abuse of legal process" under 18 U.S.C. § 1589. At pages 1171–72, the opinion discusses that "abuse of legal process" involves the use or threatened use of legal process for a purpose for which it was not designed.

9. The Motion stated that "lawful and truthful immigration reporting does not constitute abuse of legal process under the TVPA." That phrasing does not appear in *Dann*. I intended to paraphrase the statutory discussion, but I overstated the holding by presenting the concept as a categorical rule. That characterization was imprecise and should not have been stated in that manner.

10. The opinion itself was reviewed. The error was an incorrect characterization of the scope of the decision, not reliance on a nonexistent case or fabricated authority. I acknowledge and accept responsibility for that mistake.

11. I understand that Rule 11 requires a reasonable inquiry into the factual and legal basis of filings before submission to the Court. In preparing the Motion, I researched the authorities through Westlaw, personally reviewed *Headley* and *Dann*, and cited them in connection with the statutory standards discussed in those opinions.

12. The Motion cited 23 published decisions.. The vast majority were accurately quoted and attributed. After drafting the Motion, I reviewed it and validated the cited authorities. The brief was also separately cite-checked by my legal assistant. Despite that process, the quotation formatting error in *Headley* and

**ORLANDO F. CABANDAY'S RESPONSE TO ORDER TO SHOW CAUSE**

the overstatement of *Dann* were not identified before filing.

13. These errors concern quotation formatting and imprecise characterization. They do not involve fabricated authority, citation of nonexistent cases, or legal contentions without foundation. The arguments advanced in the Motion were grounded in existing case law.

14. The errors were not intentional and were not made for any improper purpose. They were isolated drafting mistakes resulting from insufficient precision in final review. There was no intent to mislead the Court.

15. I accept full responsibility for these errors. I have implemented stricter verification procedures for future filings, including requiring verbatim verification through saving quoted language and confirmation of pinpoint citations to my research file before filing.

16. I respectfully apologize to the Court and request that the Court find that these isolated citation errors do not warrant sanctions under Rule 11, 28 U.S.C. § 1927, or the Court's inherent authority.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct. Executed on 19 February 2026 in Torrance, California.

_//Orlando F. Cabanday//___
ORLANDO F. CABANDAY

8

**ORLANDO F. CABANDAY'S RESPONSE TO ORDER TO SHOW CAUSE**